IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON PIERCY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 16-MC-43-NJR |
| | ) |
| KELLY WILHELMI, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Currently before the Court is the Motion to Quash Subpoenas brought by Defendants Julie Warkins, Dan Williams, and Advanced Correctional Healthcare, Inc. (Doc. 1). The subpoenas were issued in a civil action pending in the Northern District of Illinois, *Piercy v. Wilhelmi, et al.*, Case No. 14-cv-7398, filed by Plaintiff Aaron Piercy over the death of his father, Dale Piercy ("Mr. Piercy"). Mr. Piercy died of an untreated gastrointestinal bleed while in the custody of the Illinois Department of Corrections ("IDOC") at Stateville Correctional Center; however, symptoms of his fatal condition had allegedly emerged several weeks earlier when he was confined at Whiteside County Jail. Accordingly, Plaintiff named as Defendants the IDOC, the Whiteside County Jail, and numerous individual employees at each institution. He also named as Defendants the two organizations that provide health care services at Stateville and the Whiteside County Jail: Wexford Health Sources and Advanced Correctional Healthcare ("ACH").

As part of his discovery on his claims against ACH, Plaintiff issued subpoenas

*duces tecum* to forty-three facilities where ACH provides medical care (Docs. 1, 3). Each subpoena seeks the contracts between ACH and the jail; advertising materials given to the jails by ACH; County Board meeting minutes where ACH's contract was discussed; and any offers, bids, or advertising materials provided by competing medical providers (Docs. 1, 3). Five of the facilities that were served with a subpoena—Bond County Jail, Franklin County Jail, Jefferson County Detention Center, Marion County Jail, and Saline County Jail—are within the Southern District of Illinois (Docs. 1, 3).

Defendants ACH, Julie Warkins, and Dan Williams now move to quash the subpoenas on the grounds that they are beyond the reasonable scope of discovery and disproportionate to the needs of the case (Doc. 1). Alternatively, they request Court to transfer the action to the Northern District of Illinois for the presiding court in the underlying matter to decide the motion (Doc. 1). Plaintiff opposes the motion to quash as well as the alternative request to transfer (Doc. 3).

Under Rule 43, a subpoena must be quashed by the court where compliance is required if the subpoena (a) fails to allow a reasonable time to comply; (b) requires compliance at a location not authorized under Rule 45(c); (c) requires disclosure of privileged materials; or (d) subjects a person to an undue burden. FED. R. CIV. P. 43(d)(3)(A). Rule 45 provides that a motion to quash can be transferred from the court where compliance is required to the court that issued the subpoena if the person subject to the subpoena consents or if the court finds exceptional circumstances. FED. R. CIV. P. 45(f).

Here, none of the county jails at issue has consented to transferring the motion to

quash to the Northern District. In the absence of consent, the motion to quash can only be transferred if exceptional circumstances exist. The Advisory Committee notes to Rule 45 explain that when a court is determining whether exceptional circumstances exist, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts." FED. R. CIV. P. 45, advisory committee's note to 2013 amendment.

The Court finds that exceptional circumstances do not exist here, and transfer is not appropriate. There is no chance this Court's ruling on the motion to quash will disrupt the underlying proceeding because this Court will not reach the merits of the motion; instead, the motion will be denied because Defendants lack standing to challenge the subpoenas.

As a general rule, a party can move to quash a subpoena issued to a nonparty only if the party has a claim of privilege, privacy, or other personal right with regard to the documents sought.[1] Defendants do not claim that any purported privilege, privacy interest, or other personal right is implicated; instead, they simply claim that the subpoenas are burdensome and seek irrelevant information (*see* Doc. 1). Defendants,

---

[1] *E.g., United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) ("A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests."); *Uppal v. Rosalind Franklin Univ. of Med. & Sci.*, 124 F. Supp. 3d 811, 815 (N.D. Ill. 2015) ("[G]enerally, absent an independent interest requiring protection a motion to quash or modify a subpoena must be brought by the individual to whom it was directed . . . ."); *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 186 (N.D. Ill. 2013) ("Instances that fall under the "personal right or privilege" exception and confer standing on a party include the assertion of work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party."); *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 516 (N.D. Ind. 2012) ("As a general rule, a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests.") (internal quotation marks and citation omitted).

however, do not have standing to challenge the subpoenas on these grounds; only the non-party to whom the subpoena was directed can raise these challenges.[2] But neither County Jail, Franklin County Jail, Jefferson County Detention Center, Marion County Jail, nor Saline County Jail has challenged the subpoenas as burdensome. In fact, four of the five responded to the subpoenas well before the deadline to do so (Doc. 3).

For these reasons, the motion to quash (Doc. 1) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** June 17, 2016

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[2] *Green v. Cosby*, 314 F.R.D. 164, 173 (E.D. Pa. 2016) ("Even if a defendant has standing generally to quash a subpoena, he still lacks standing to challenge a third-party subpoena based on undue burden because it is the third-party that faces the burden of production and not the defendant."); *Uppal*, 124 F.Supp.3d at 3815 ("[A] party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden."); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds."); JILL GUSTAFSON, ET AL., FEDERAL PROCEDURE, LAWYERS EDITION, 28 Fed. Proc., L. Ed. § 65:247 ("[D]efendants do not have standing to bring a motion to quash a nonparty subpoena duces tecum for depositions and production of records on the grounds of oppression and undue burden placed upon nonparties where the nonparties have not objected on such grounds.")